Good morning. May it please the court. Jeremiah Sprague for the Warren Lester plaintiffs and I believe the outcome of this appeal turns on really two issues. Number one, whether or not the Botley plaintiffs motion to transfer and consolidate created an entirely new mass action such as to commence a new action removal under CAFA or it added a new defendant to the Lester case, i.e. Mobil Oil, to again commence a new action. If neither of these things occurred, the removal of this case by Mobil Oil would have been a complete failure. The removal of Mobil Oil violates CAFA's section 9 retroactivity prohibition because it's a retroactive application of CAFA to the Lester case and it violates 28 U.S.C. 1441A's requirement that only an original defendant can remove a case because we have Mobil Oil, a non-party to Lester. It doesn't say original defendant though, right? Correct, Your Honor. That comes from the cases. In the removal statute, the general statute, CAFA's more specific so it seems we have to focus on what CAFA says. Yes, Your Honor. So relating to retroactivity in CAFA, CAFA says that it can only apply to a lawsuit filed on or after February the 18th, 2015. But it says a civil action, right? A civil action, Your Honor. Does it say mass action? It does not say mass action. Is the Botley case a civil action? The Botley case is a civil action. It's a civil case consisting of three plaintiffs. Both filed before, way before? No, Your Honor. Botley was filed in 2013. Lester was filed in 2002. Right, right, right, right, right. I'm sorry. It's okay. Why, in a minimum, why wouldn't Botley at least be able to say, you're trying to put me into a mass tort and CAFA applied, but I can understand why you say Lester shouldn't be brought up. It's hard for me to say Congress would sanction adding people after CAFA. It's a new civil action. They have asked, and you're the same counsel for the Lester people, you all have asked, to roll in the Botley claims in this mass tort. And the Botley people or the Botley defendants say, no, don't put me in a mass tort. I think the fact that I'm counsel for both the Botley plaintiffs and the Lester plaintiffs doesn't affect the actions by the Botley plaintiffs. What if you tried to add 99 new plaintiffs now, right now, today?  To Lester. If we filed a motion for leave to amend the petition and state clearance? No, no. You filed, you took 99 new plaintiffs, filed a lawsuit against Mobil, and then asked the 99 plaintiffs to be consolidated or to be consolidated with Lester. Would not make Lester removable. And then the next day you add another 50 plaintiffs, file another lawsuit so that in separate lawsuits you're adding 140 some odd people and want to consolidate them with Lester. What do we do then? Consolidation is not a procedural vehicle under Louisiana law. What if we disagree with you and we read the language that says, requesting, proposing that they be tried together? Assuming we just say that that means proposing they're tried together. Proposing to be tried together does not join plaintiffs or join defendants to a case. And it does not create a new action under Louisiana law. Joint trial proposal is a construct of CAFA that deals with the numerosity requirement for a mass action to meet CAFA's definition. We know from this Court's decision in Brough that the operative law on whether or not a plaintiff or whether or not You can bring in as many plaintiffs as you want to in Lester as long as you do it in less than 100 increments. Depends on what you mean by bring them in. Bring them in by consolidation? Propose that they be tried with Lester. That does not commence a new action under Louisiana law, does it? Well, it's commenced a new action when you file the lawsuit. Let's say you, 10 different lawsuits, you take 10 plaintiffs each, you file new lawsuits under Louisiana law. That's a new action under Louisiana law, is it not? As to those 10 lawsuits? You file them on 10 separate dates after 2005. Then you seek to take those 100 plaintiffs and ask the state court to try them with Lester. Trying them with Lester does not amend the Lester pleadings. That's required by Brough to So you can bring in 1,000 after. And as long as all you do is ask them to be tried together, no problem under CAFA. We have to go back and look at Louisiana law, Your Honor, because that's Well, you brought a new lawsuit. Louisiana law governs whether or not a new lawsuit commences a new action under CAFA to make the Lester case, the pre-CAFA filed case, removable. So again, joint trial proposals do not operate to add plaintiffs under Louisiana procedural law. That's a construct of federal law, and we need to look at Louisiana procedural law, in fact, Article 421 of the Code of Civil Procedure, which addresses how a new action is commenced. And that's exactly where this Court looked in the Brough case to determine whether or not an amended petition adding a new defendant in a pre-CAFA filed lawsuit recommenced or reopened or opened the window for removability under CAFA. You insist that regardless of the flighting system adopted by virtue of the consolidation in the Rick's decision, the defendant here, which we'll call mobile because you did in your brief, is exposed to no new claims, no liability, and no preclusive consequence. That's your view. By operation of 1521 Code of Civil Procedure in the Rick's case, we know that mobile oil is a defendant who would be a defendant in the Botley case. Why do you want them tried together? Because the Lester case had a group of seven plaintiffs flighted for a trial, and they were already set for trial. And the Botley case, in a separate lawsuit, had a decedent who worked at the same pipeyard employer that the seven plaintiffs in that trial flight did. So for judicial economy, as we provided for in 1521, those cases should be brought together for trial. But that does not, 1521 consolidation does not conjoin those cases. Under Rick's, we see that those cases maintain their separate procedural identity. You appealed from both the original denial and then the motion to reconsider. Yes, sir. In the reconsideration denial, the district court relied on Miller, and actually, it seems to me, consolidated the actions himself. Separate error or identical error, according to you? In the federal district court? Yeah. Consolidation of the cases still does not affect. But do you agree with me that in his reconsideration denial, citing Miller, he actually did consolidate himself? Consolidate the entirety of Lester with the entirety of Botley. It appears that the district court did do that, Your Honor, yes. And therefore, you're alleging that that's error two, but it's not error based on Rick's and that line of authority. What's the error there? The error there is that, again, the Botley plaintiffs only sought to have their case consolidated with seven for trial purposes. So we're talking about a case consolidation, I think, is what the district court accomplished. Melding the two cases together in their entirety. What the plaintiffs were looking at was having their case tried with seven Lester plaintiffs who were already set for a trial flight. Completely different things. I think one could be characterized as a case consolidation, which is what the district court did here. Have they gone to trial now? No, Your Honor. The contradictory hearing just never occurred? Oh, in state court? Yeah. No, Your Honor. But is the record unclear on whether or not there was an order consolidating? But the parties sort of both skirt around that. The district court says I don't need to decide it. And I don't think the district court does need to decide it. I know that's your view of Rick's. But what does the record reflect? Was there an order? The record reflects the civil district court record had a motion to transfer and consolidate, which was not signed. The order was not signed granting the consolidation. There was a rule to show cause setting a hearing for the motion to transfer and consolidate. And the issue at those hearings, I'm guessing, is whether they're common issues of law or fact. It doesn't seem like you're disputing that there are common issues of law or fact. But for those seven trial flight plaintiffs? Yeah. No, I wouldn't dispute that. Okay. So then maybe consolidation, you wouldn't know hearing because consolidation would be appropriate. You just think the legal effect of consolidation under Louisiana law doesn't commence a new action. Absolutely correct. That's your position. That's what it's reduced to in the reply brief. Yes. Okay. And you cite Admiral for that authority. Yes. Okay. That came up sort of late. That compression of your argument comes. For myself, Your Honor, it's a very complex issue. Yeah, but, for example, did you cite Admiral to Judge Fallon? I couldn't tell you off the top of my head.  That's the way it operated for me. But now it's a retroactivity case because there is no civil action that was recommenced under Broad. There's no triggering window of removability because the two cases are separate. That's correct, Your Honor. So if the window for removal doesn't open as to Lester with recommencement or commencement anew, then Lester's not removable. But what it seems like the district court did was take commencement and meld it into the concept that an entirely new mass action was created, which combines Lester and Botley, and that the inception of this new mass action was the commencement of a new case, thereby opening the window for removal. But, again, consolidation, or I think the language that the district court looked to was a joint trial proposal. A joint trial proposal is not a procedural vehicle under Louisiana law to do anything. I don't even think it's in the Code of Civil Procedure. What we have to look to for commencement of a new action is Article 421, which says that a lawsuit's filed in the Court of Competent Jurisdiction making a demand upon a defendant for something. Well, the Lester plaintiffs, they never filed anything like that. They never filed anything at all. They're silent on all of this. Does it consolidate? My problem still is the Botleys certainly commenced a new action. The Botleys commenced a new action when they filed their lawsuit in 2012 in State Court. They commenced a new action. Now, we've got to fold that into the federal. No question the Botleys commenced a new action. At what point in time, Your Honor? After 2005. That's correct. When they filed their lawsuit in 2013, Mr. Botley died in 2012. So in 2012, the Botleys commenced a new action. That's correct. And now that new action has been proposed to be tried with an existing CAFA-exempt mass action. There was a joint trial proposal. That's correct. So then I think the question that comes from that, does that joint trial proposal commence a new action vis-a-vis the Lester plaintiffs? But the only law we can look to to answer that question is Louisiana law. And Louisiana law, as this Court said in Brough, and Louisiana law is very specific that we have to look to Article 421, which says you file a new lawsuit, make a demand against a new party, and that commences a new case. And that's not what happened here. Because under Louisiana consolidation law, we have two separate cases. So the rights, the obligations, et cetera, don't transfer or go back and forth between Botley and Lester. For example, if that trial fight in state court went, we have the seven Lester plaintiffs and the three Botley plaintiffs went to trial and there was a verdict against Mobile Oil that would only be collectible by the Botley plaintiffs. Because vis-a-vis the Lester plaintiffs, Mobile Oil is not a defendant. Because Louisiana law requires that, or states that the two cases maintain their own procedural identity, even after consolidation. So you're saying you could file 100 separate suits under Louisiana law now and then consolidate them and it still wouldn't meet the CAFA definition. Is that what you're saying? Under Louisiana law, consolidation does not bring those cases together. They're proposed to be tried together, but they're not a new action. Is that your argument? So CAFA doesn't apply? Proposed to be tried together is a construct for the definition of what a mass action is for CAFA jurisdiction purposes. And like this court said in Abshire, that a case or group of cases may meet the definition of a CAFA mass action or a class action does not necessarily make them removable. What we have to do is look to the predicate event, a commencement of a new action, to determine if those cases are removable. If there's no predicate action of a commencement of a new action, they're not removable. Had you amended Lester to add Mobile, then no question. No question. We'd be in federal court. I couldn't say anything about it. Now, I saw on a footnote in one of the briefs that there was an amended, there was an effort to amend, but the state court didn't adopt it, and therefore, could you explain that procedural moment? That was the last time we were here back in 2007, Your Honor. Oh, you came all the way to us? Actually, no. We just went to the district court. I'm sorry. Last time we were in federal court, there was an amendment to add some plaintiffs and a defendant, and of all people it was Mobile Oil. That's what I thought. Yeah. And Mobile Oil removed the case, or Exxon, I forget. Anyway, the defendants removed the case under Brough. So it's almost a perfect parallel. It is, except that in that case. What was the ruling there by the district court? We can't take federal jurisdiction because the amendment was never entered? Correct. So under Louisiana law, importantly, under Louisiana law, that amendment's a nullity. When the window never opened, the case couldn't be removed. But isn't that what you're saying is functionally equivalent here? There's a nullity as to. . . As far as creating a removal window opening, yes. It couldn't happen. It didn't happen. So if the window doesn't open, the case isn't removable. They're not consolidated for trial, so this is moot because you're no longer seeking consolidation for trial. Consolidation for trial has nothing to do, I think, Your Honor, respectfully, with whether or not removal was proper. And that's what we're here about. Consolidation. . . I just want to be clear. You're still seeking consolidation. You're just saying it doesn't entail its removal. In your initial brief, you were arguing about consolidation. You're not now. I still stand by the original arguments that we had, that consolidation was never effectuated, and that's an additional reason why removal would not be proper. I believe I'm out of time, Your Honor. Unless there's any questions. May it please the Court. Martin Stern with David Stein representing Mobile. Your Honors, I'd like to cover three things. First, is there a mass action under CAFA? Second, was Mobile a proper party to remove that mass action? And finally, what I think the appeal has really shifted to, as the argument has reflected, which is do we have an effective date problem? And, in fact, I'm going to spend most of my time on that. Because I think that's where the argument really is. I'm not speaking for my colleagues. I'd love it if you'd start right where you finished with your third point. Okay. Is there a retroactivity problem? To begin there, Judge Higginson, there is not a retroactivity problem. The reason there's not a retroactivity problem is because Section 9, as this argument has reflected, requires only that a civil action be commenced after the effective date. And as Judge Owen has noted, we have that. This case is not like Admiral Insurance Company v. Absher. In that case, there was a single civil action. It was clearly commenced before February 2005, and, therefore, it would have been applying CAFA retroactively to that case. Here, we have a civil action filed after February 2005. We have the Botley case. And I think it's critical to see how Section 9 reads. In fact, that's why you may have up there a handout, which is the entire CAFA Act. You'll only find this Section 9 if you look at the public law, because this part of it is not put in 1332 or any of the United States Code. So if you look at it, it's just a single sentence. And all it says is, it's very short, it says, and I'll paraphrase, this Act applies to any civil action commenced after the enactment, February 2005. So we have a civil action. We have Botley. So CAFA definitely applies to Botley. I think the way to look at this, it's a question of what law applies. It's like you have to have a ticket to enter. Can you invoke CAFA? Do you have a civil action that's been commenced after the enactment date? We have that here. So there's no doubt that CAFA applies. Now, when we get to the jurisdictional questions, when we look at whether the requirements are met for a mass action, when we look at who's the correct party to remove the mass action, those questions are all in terms of the mass action. And I'll get back to those in a moment. But for this question, whether CAFA applies at all, the answer is clearly yes, because we have a civil action that was commenced after the effective date. It applies to the Botley case. Well, there's no doubt, as Your Honor points out, there's absolutely no doubt that it applies to the Botley case. So what they are, by necessity, arguing, although they don't really want to own up to it, is that they're really asking the Court just to remand Lester, not Botley, to keep Botley but to remand Lester. I haven't heard them argue that. Well, they haven't said that. I think it's implicit. But, I mean, I think they have to argue it that way, at least when they're arguing the effective date, because there's no doubt that that Botley was commenced after the effective date. In your brief, you only gave two pages at the end. You didn't make the argument you're making now. You're absolutely right, Your Honor. And the reason that we didn't do that in all candor is because it was only in their reply brief that they cited Admiral Insurance Company v. Absher. And it's that case that really gives rise to this entire discussion. It's that case where the Fifth Circuit noted the difference between Section 9, which depends upon the, quote, civil action, and removability, which depends on the mass action or jurisdiction. So to go back, though, I think that it's clear that Botley is staying in federal court. So the question becomes, are we going to remand— Is it clear that Botley is staying in federal court? Because Botley is clearly subject—clearly commenced after the effective date. Okay. And we clearly—and I haven't had a chance to make my argument yet, but we clearly have a mass action. We have a request. Do you care if Lester stays? We do very much care if Lester stays. Why are you not a party to Lester? Why do you even have standing to argue that if you get Botley, if we say Botley's here no matter what, why do you care? The reason why we care is the thing that animates CAFA, the reason Congress passed it, which is we are going to be subject to a mass action. Not if Botley stays here and we remand Lester. Well— Why do you care if we remand Lester? You're not a defendant in Lester. So if Botley stays here, we remand Lester, how do you even have standing to complain about that since you're not a defendant in Lester? Well, Your Honor, I take your point, but there is a—Lester would proceed in state court. Right. Why do you care because you're not a defendant? I guess I would have to say that part of the reason we care is because all the defendants— there are other defendants to this case. You don't represent them. You're not— You're right. You don't even have standing to argue for them. I think that there will be an attempt to add mobile. Well, then we've got to—then it's clearly removable, right? But I don't think, Your Honor, I don't think that it would make any sense— Let me answer it this way, and I guess I have to come at this sideways because I take your point. I don't think, though, that it would be consistent with Congress's intent in passing CAFA to remand part of what makes it a mass action. It would just be inconsistent. Well, what Congress—all right, let's get back to basics here. What preclusive effect—how are you harmed with being tried with seven other plaintiffs? Because you're not—they have no claims against you. The only people that have a claim against you is bodily. What preclusive effect, what evidence will you be precluded from putting on? How will you be harmed by having to go to trial with seven Lester plaintiffs? Well, the best answer I can give, Your Honor, is that— and again, I have to go back to Congress's intent in passing CAFA. It's—and Congress doesn't do this lightly, of course. It conferred original federal jurisdiction over a mass action. There is no doubt in my mind that we have a mass action because we have a proposal to try more than 100 claims jointly. It's clear that the plaintiffs asked for that. To answer your question, Judge Higginson, there was an order signed. There's some debate about whether it was properly signed or not, and that's why all the parties have reverted to saying it doesn't matter because all CAFA requires for a mass action is that there be a proposal. We clearly have that proposal. We clearly have more than 100 plaintiffs. It's clearly based upon the argument that all the claims involve common questions of law or fact. And so we have a mass action. We have a civil action that is commenced after the effective date. I think that's the end of the story. I don't think that it could be consistent with Congress's desire in passing CAFA to now remand one of the constituent civil actions that gives rise to the mass action. That would be inconsistent with the entire purpose of CAFA, which is that there is original federal jurisdiction over mass actions. And there's a case that's not cited in our brief. There's nothing particularly remarkable about the case. I think there are many cases that stand for this. It's Huberman v. Perales. It's 884 F. 2nd, 62, a Second Circuit case from 1989. Again, there's nothing remarkable about this case, but it's one of many cases that say when you're interpreting the effective date of a statute, interpret it consistently with the overall import of the act. Here, the overall intent of the act is to confer original jurisdiction on mass actions. How would we be advancing Congress's intent if we remanded one of the constituent civil actions that gives rise to the mass action? That would be inconsistent with the overall purpose of the act. Their position is to remand both. But, Your Honor, they haven't made a cogent argument to remand Botley. They haven't shown that there's no mass action because all of the requirements for a mass action are met. Now, they kind of halfway hold on to an argument. I mean, you ask them questions. Are you conceding that? Are you not conceding that? I never really heard it. The mixed argument, the consolidation under Louisiana law doesn't effectuate. Exactly, and I think on that point, Your Honor, it clearly— I mean, if we follow the approach of the Seventh Circuit, the Eighth Circuit, the Ninth Circuit, all consistently hold that when you have separate civil actions in state court and you file a motion to consolidate them or a motion to consolidate them for trial, as was done here, that does give rise to a mass action. But none of those cases were wrestling with the commencement question in terms of CAFA and retroactivity, right? That's exactly right, Your Honor. They're just looking for the proposition that he didn't push hard an oral argument, which is what numerosity question for mass action, but those cases aren't so illuminating as to the retroactivity argument. I agree, Your Honor. We have two separate— Your argument now against retroactivity is that the Botley action was filed in 2013, and that gives the federal jurisdiction itself. That's your present argument. It's never been made to Fallin below or to us in writing. I guess the answer would be that Admiral wasn't presented to Fallin either. All of that is correct, but I should say that Judge Fallin did look at a non-retroactivity argument. They did argue Section 9 to Judge Fallin, and if you read his order and reasons, I believe he correctly found—now, he didn't have to say very much because they didn't argue Admiral Insurance versus Apture, but Judge Fallin found that Section 9 was not a problem for the very simple reason that there was an action that was commenced as to mobile after the enactment date, after February 2005. That's what he said toward the end of his opinion. Then that leads to your other arguments because the instinct would be to say, well, how is that protecting the Lester plaintiffs and defendants? I think that, and to be very candid with Your Honor, I think Judge Fallin was right on a very kind of macro level. What he didn't do was he didn't parse the words of Section 9. He didn't draw the distinction between a civil action and the fact that Section 9 speaks in terms of the civil action and the fact that everything else speaks in terms of the mass action. So what I'm trying to do is be very forthright and say I've got to show— that the civil action commenced after February 2005. It's not enough for me to show that the mass action was commenced after February 18, 2005, but I would add that I think I've clearly done that because Botley satisfies that. I don't think there's any—Section 9 doesn't say when there is a mass action because there are two constituent civil actions, all of them have to be commenced after the effective date. It simply says CAFA applies. It's a question of applicability. CAFA applies if a civil action was commenced after the effective date. We have that. And the fact that you're not subject to any new claims or any new potential liability based on this consolidation, those facts, and that's what I think Judge Owen alluded to earlier. You're saying you don't need to show that that's of no consequence, that no new claims, no new liability for you as a defendant. That's of no consequence in our determination about whether or not remand is appropriate. Judge Graves, if I understand the question, the answer is yes. I do not have to show that. Under CAFA, I have to show that there's a mass action that requires only three things, more than 100 claims that there are to be tried together on the grounds that they involve common issues of law or fact. Those are the three requirements. Those are met here. The question that was just asked you does seem to animate the broad decision, however, B-R-A-U-D, right? That we're worried about your client's sort of due process and notice and exposure concerns. You're saying? Well, I think that, and being from New Orleans, I say bro, but bro broad. I think that the bro decision is another alternative answer to the effective date issue. What do I mean by that? I don't think I even need to get to bro because I have bodily that was commenced after the effective date. It's that simple. I don't need bro. In bro, there was no civil action commenced after the effective date. But there, the defendant, I think it was Ineos, however you pronounce it, it was brought in to the existing civil action after the effective date. And it said, hey, this lawsuit is new as to me. It's commenced as to me after the enactment date. That should satisfy Section 9. And the Fifth Circuit agreed. The Fifth Circuit said you cannot revive a suit against a defendant that's already been in that case. But if a new defendant is added, it can open a new window of removability. And you fast forward to Admiral and we distinguish bro by reference to the fact that there's no exposure, no claims, no liability. I think that the panel in Admiral distinguished bro on the grounds that there was no new defendant added. That was the grounds for distinction. In Admiral, there was no new defendant added. Rather, it was, I think, new. It was reviving plaintiff's claims. And the court said because it was a class action or it was, I think, a mass jointer, and many of the plaintiff's claims had, as the court put it, gone by the wayside. Then there was this request to certify after the effective date. And the defendant argued, well, that ought to be, I ought to be able to invoke bro because this is commencing a class action as to me. And the panel in Admiral said, no, this is different. No new defendant is being added. Adding claims that may be, adding theories that revive plaintiff's claims is not the same. Which is our case more like? Our case is much more like bro. The reason that it's much more like bro is because mobile is being added. Mobile is a new defendant. Well, they're saying factually and legally they aren't. They're saying factually the consolidation never occurred, and even if it did legally, it wouldn't create any exposure for your client. But again, Your Honor, the question is not exposure to my client. That's not a factor in CAFA. What I do have to show, I agree, that it's simply not a requirement of CAFA. As a practical matter, you'd have to attend depositions and discovery in the other cases, in the lesser cases, that you wouldn't have to if it was just you. Exactly, and that's what I was trying to say. Probably not very artfully when I was saying. It's a lot easier to defend when one came against you as opposed to sending seven lawyers out for multiple tracks of depositions or whatever. And I think that's part of what animates CAFA is Congress's concern about that. Congress doesn't want, I mean, I just have to put it the way Congress did. Congress doesn't want state court judges to be deciding whether cases should be consolidated for trial of more than 100 plaintiffs. That's why those mass actions are removable, why there's original federal jurisdiction, so federal district court judges like Judge Fallin make that decision. Now, in the federal system, the fact that he's consolidated the two cases doesn't mean he's planning to try more than 100 claims at one time. But that is what the plaintiffs were asking for in state court. And what Congress viewed— But you're defending against one wrongful death claim? Mobile is defending against one wrongful death claim. All right. However much else is going on, you're defending against one wrongful death claim. Is that right? That is correct as to mobile, Your Honor. But I'm tied into all of the proceedings for the mass action because consolidation is proposed. And if a joint trial, if the state court went forward with a joint trial, I would not only be tied into that, I would be tied into a trial. And, I mean, who knows how long that trial would last and everything else that goes along with a trial of more than 100 claims. The district court's citation in the reconsideration denial to Miller in Rule 42 is correct or— I have to admit, Your Honor, I don't remember the cite to Miller in the reconsideration. I do remember that the court denied reconsideration. I don't remember the Miller cite. Okay. I thought he was consolidating. Last quick question. Do you agree with his characterization of the earlier effort in this federal court to remove? What happened earlier was that the plaintiffs moved to amend to add mobile, and we jumped the gun. We removed the case under CAFA before there was an amendment. And it wasn't a separate case. It was actually in Leicester. Right. And Judge Fallon ruled, well, I don't have anything here for you to remove on. Nothing's happened yet. And so that is the correct description. I guess I will conclude by pointing this out. The reason we're here is because—and this is, to some extent, my gloss, but I think it's fairly clear. My opposing counsel are very smart. They saw what happened when we tried to remove the last time. They still wanted mobile in the case. You're only in one case. You're not in all of Leicester. But they still wanted mobile in the proceedings. They wanted to drag mobile in, and they also wanted to add some wrongful death claimants. Now, in the normal course of events, you would simply amend Leicester, right? I mean, it would be obvious. That's done all the time. When somebody dies, you amend the case to bring in the decedents. If you want to add a defendant, you just add a defendant. What do they do here? Instead, they file a completely new civil—and by the way, as Your Honor asked Judge Higginson, and they admitted, if they had done that, it would clearly be subject to CAFA jurisdiction. What do they do instead? They file a new civil action so that they can argue this retroactive problem. But the problem with this strategy is that everything that would have been true for Leicester is still true when we have Botley plus Leicester. We have a civil action commenced. What's the strategic reason they want wrongful death claims and they want mobile in? Well, because these are long-term—they're alleged long-term latent disease. And so they want to bring in everybody who possibly contributed naturally occurring radioactive material that Mr. Botley may have been exposed to that may have caused his death. Do they want preclusive effect in future lawsuits? Is that what you're getting at? I think they do, Your Honor. I think that's part of it. I say that my time is up unless you have any questions. Thank you very much. Counsel's reference to the civil action Botley being filed after the enactment of CAFA as though it has some sort of effect on the Leicester case I think is misguided. Are you amenable to us keeping Botley and remanding Leicester? I believe, Your Honor, that Botley in and of itself is separate from Leicester as its own case. What if we disagree with you? We read the statute. It's commenced after you proposed to join it. We've got jurisdiction over Botley. We'll remand Leicester. What would you say then? I would say that Botley is three plaintiffs, two of whom are Texas citizens, suing various oil companies, some of whom are Texas citizens. CAFA says that doesn't matter. CAFA says you don't look to. Botley does not meet the definition of a mass action under CAFA. Well, it does when you propose to join with Leicester. So I'm saying to you if we disagree with you and we say we've got jurisdiction of Botley because of your proposal, we don't have jurisdiction of Leicester because it was ongoing at the effective date, do you object to that if we keep Botley? I don't know if objection would be the proper term, Your Honor. I don't think there's jurisdiction. All right. Let me ask you another question. You go to trial with the seven Leicester plaintiffs. You get a judgment against Mobile. Is that going to have preclusive effects in future cases against Mobile of this type? You're talking about the Botley case? Yes. If you win in Botley, you try together with the seven Leicester plaintiffs, get a judgment against Mobile, will that judgment have preclusive effect against Mobile going forward in subsequent lawsuits? By the seven Leicester plaintiffs? No, by the new plaintiffs who want to sue Mobile after the Botley judgment. Sorry, Your Honor. I understand now. Absolutely no preclusive effect because. . . Based on what law? Because those parties in the future lawsuits were not parties to this litigation. Well, there's such a thing as collateral estoppel, which does not require identity of parties. I don't. . . I don't raise you to court. It's collateral estoppel. You said there's no preclusive effect at all. I don't see how there would be, Your Honor, for parties or for. . . Causation issues? On general causation. Each case needs to stand on its own. For example, in the Leicester case, not involving Mobile but involving other defendants, each case. . . How about Mobile? If we let you try. . . If you go forward in state court, Botley against Mobile, Botley wins, you wouldn't argue when you substitute Mobile in a new lawsuit that Mobile doesn't get to relitigate general causation, for example? No. No, I wouldn't argue that. In my experience, in the way these cases have been handled, each time we go to trial, we have to prove causation again. The liability. . . Laws say you don't get any preclusive effect. You've got to prove it with these trial flights. In those trial flights in the Leicester case, that's correct because Leicester is a cumulated case under Article 1561, I believe, and all those cases are individual lawsuits and they've got to stand or fall on their own. So no preclusive effect, Your Honor. Is the consolidation motion still pending? That's a good question. I know that Judge Fallon consolidated the cases, so it may be moved. . . I guess as a technical matter, it's still pending, but it's not acted upon. It's not set for hearing currently. It hasn't been withdrawn, if that answers your question. And probably because the case has been stayed by Judge Fallon at this point. Counsel referenced Congress's intent on the broad scope of what is intended by CAFA and how it's meant to draw cases in, and he referenced joint trial proposal as an example of that. I just want to direct the Court back to Section 9. It was very specific intent of Congress that it only applies to a civil action filed after February the 18th, 2005. That's a clear, specific statement of congressional intent, which precludes application of CAFA to the Leicester case. And one more point I'd like to make is that, and this Court said it in Brough, that removal statutes are subject to strict construction, and I think that's, in dealing with a CAFA case particularly, we have to really look at what the removal statutes are here that are operating. And CAFA, while it obviously allows for a joint trial proposal, it's not a way to commence an action under state court. So if we back that back to Louisiana law, there's no commencement of an action in mobile oil. It's not a defendant in Leicester. Leicester's not removable. Any questions? Thank you. That will conclude the arguments for today. Court is adjourned for the day. Thank you. Thank you. Thank you. Thank you. Thank you.